## THIRD DEPARTMENT, MARCH, 1960

## (March 18, 1960)

FLOYD F. BRUST et al., Appellants-Respondents, v. NATIONAL GRANGE FIRE INSURANCE COMPANY, Respondent-Appellant, et al., Defendant.— Appeal from a judgment of the Supreme Court, Schenectady County by the plaintiffs from the dismissal of their first cause of action and by the defendant from the granting of costs of $200 on the plaintiffs' second cause of action. The plaintiffs own property on which there was a dwelling house, some cabins and, at a distance of 160 feet from the house, a building described as a cider mill. This latter building had been used as a cider mill until 1952 when such operation was discontinued and the equipment used therein dismantled and stored in the same building. Thereafter this building was used to store a car and two trucks, certain household furnishings, camping equipment and woodworking tools, which the testimony indicated were used only for private purposes. The plaintiffs had a fire insurance policy issued by the defendant on this building, which referred to it as a seasonal cider mill, and on the machinery therein in the amount of $6,000. In 1955 they sought a reduction in premium rate based on the building no longer being used as a cider mill. An inspection was made by a representative of the New York Fire Insurance Rating Organization as a result of which the building was classified as a " woodworker " resulting in a small premium reduction for the plaintiffs. On March 30, 1956 the building was destroyed by fire. The above policy is not here in dispute, the defendant having paid the full amount thereof. In their proof of loss plaintiffs stated that the building was a cider mill. The plaintiffs also had a fire insurance policy issued by the defendant in the amount of $10,000 on their dwelling house which contained an indorsement providing that: " The insured may apply up to ten percent (10%) of the amount specified for insurance on buildings to cover private structures appertaining to the described dwelling

and located on the premises, but not structures used in whole or in part for mercantile, manufacturing or farming purposes nor any structure rented or leased to other than a lessee of the described dwelling. This exclusion does not apply to buildings, used exclusively for private garage purposes." The plaintiffs' first cause of action for the recovery of $1,000 under this indorsement was dismissed by the court below on the grounds that the building destroyed by fire did not appertain to the dwelling house and that there was no intent that it be covered under the indorsement. The defendant conceded that the plaintiffs were entitled to recover $200 under their second cause of action for the loss of personal property. Despite the statement in the proof of loss it is clear that the burned building was not being used as a cider mill. Although the plaintiffs admitted it could be reassembled in a week it had not been used to manufacture cider since 1952 and as the court below pointed out there was no indication of any intention to resume such operation. Furthermore, it was not established that this building was used for any other "mercantile, manufacturing or farming purposes". Its classification as a "woodworker" in the policy on the building itself is not controlling here and it was not proven that any woodworking business was being carried on. Thus this building which was located on the same premises as the dwelling house and used in connection with it, e.g., as a garage and for storage, was a private structure appertaining to the dwelling house. The mere fact that it was covered by another policy cannot operate to defeat the terms of the indorsement on which this suit is based and since the building comes within those terms the plaintiffs are entitled to recover $1,000 thereunder. Since the judgment now exceeds $500 it is unnecessary to consider the defendant's contention as to costs. Judgment modified on the law and the facts by increasing the award by $1,000 and as so modified affirmed, with costs to plaintiffs-appellants. Cross appeal by defendant dismissed. Settle order. Bergan, P. J., Coon, Gibson and Reynolds, JJ., concur; Herlihy, J., taking no part.